```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS
```

ANGEL SANTOS,                       )
        Petitioner,              )
                                  )
        v.                        )  C.A. No. 21-12019-PBS
                                  )
THE COMMONWEALTH OF                 )
MASSACHUSETTS,                      )
        Respondent.              )

**ORDER**

**January 4, 2022**

Saris, D.J.

On December 20, 2021, pro se petitioner Angel Santos filed a document which appears to contain a list of grounds on which he challenges his state convictions, including the discovery of new evidence. The document is captioned "Motion Judicial Reinstate Right Reinstate Dependent File in Specific Unprecedented."

The document also identifies the title of the case as Commonwealth v. Angel Santos and provides an appeal number for the Massachusetts Appeals Court. The Appeals Court issued its decision in the case on December 20, 2019, and the Massachusetts Supreme Judicial Court denied review on April 17, 2020. See Commonwealth v. Santos, 96 Mass. App. Ct. 1114, 2019 WL 6977824 (2019), 484 Mass. 1105 (2020).

The purpose of Santos's filing is not clear. Santos has already sought review of the convictions in question in a prior

case.  See Santos v. Kennedy, C.A. No. 20-11095-FDS (D. Mass.). This action was dismissed on November 16, 2021 because Santos had not complied with the Court's order to file an amended petition.  (Dkt. No. 18).  Although the dismissal order did not indicate whether the action was dismissed with or without prejudice, the Court had previously warned Santos that failure to file an amended petition that complied with Rule 2(c) of the Rules Governing Section 2254 Cases could result in dismissal of the case without prejudice.  (Dkt. No. 12).

If Santos erred in sending this document to a federal court instead of a Massachusetts state court, he may correct this error by resending the document to the proper court.  If Santos's intent was to file a new petition under 28 U.S.C. § 2254, the filing is insufficient because it does not comply with the requirements for such a petition.

If Santos wishes to bring a new § 2254 petition, he must complete, sign, and file a petition that specifies all grounds for habeas relief, the facts supporting each ground, and the relief requested.  See Rule 2(c).  The petition must also legible, whether printed, typewritten, or handwritten.  See id.

Santos must also resolve the filing fee by (1) paying the $5.00 filing fee; or (2) filing an Application to Proceed in District Court without Prepaying Fees and Costs accompanied by a prison account statement.

Failure to comply with this directive within thirty-five (35) days of the date of this order will result in dismissal of this action without prejudice.

The Clerk shall provide Santos with a blank Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody and a blank Application to Proceed in District Court without Prepaying Fees and Costs.

SO ORDERED.

                                /s/ Patti B. Saris
                                PATTI B. SARIS
                                UNITED STATES DISTRICT JUDGE