```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

ANGEL SANTOS,                      )
        Petitioner,                )
                                   )
        v.                         )    C.A. No. 21-12019-PBS
                                   )
THE COMMONWEALTH OF                )
MASSACHUSETTS,                     )
        Respondent.                )
```

### MEMORANDUM AND ORDER

**November 16, 2022**

Saris, D.J.

Angel Santos, who was convicted of armed assault with intent to murder and other crimes, has filed a petition a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. No. 4). Now before the Court is the respondent's motion to dismiss the action as time-barred and for failure to exhaust state court remedies. (Dkt. No. 15). For the reasons stated below, the Court **ALLOWS** the motion on the ground that petitioner has failed to exhaust his state court remedies.

A federal district court may consider a petition for a writ of habeas corpus by a person in custody pursuant to a state judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal district court cannot grant said petition unless it appears that "the applicant has exhausted the

remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1).[1]

Santos's handwritten pleadings are very difficult to understand. As far as the Court can discern, Santos is arguing that Jayson Hernandez--the only witness at trial who identified Santos as the perpetrator--should not have been allowed to make this identification in court because the witness had not made any pretrial identification of Santos. Santos states that newly discovered evidence shows that this eyewitness identification violated his constitutional rights. He does not explain what the newly discovered evidence is.

The government contends Santos has not exhausted his state remedies as to any claim based on newly discovered evidence. According to the docket of Santos's state court criminal action, which the respondent filed on May 4, 2022 (Dkt. No. 15-1), on February 16, 2021, Santos filed a motion for a new trial based on newly discovered evidence.[2] On May 18, 2021, the Commonwealth filed an opposition to that motion. Between May 26, 2021 and January 26, 2022, Santos filed four more motions for a new

---

[1] Exhaustion of state remedies is not required if "there is an absence of available States Corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i),(ii). Neither exception to the exhaustion requirement is applicable in this case.
[2] According to the Commonwealth, Santos's conviction became final on or about September 15, 2020. (Dkt. No. 16 at 4).

trial, three of which were docketed as motions based on newly discovered evidence. The docket does not indicate that any of these motions have been adjudicated.

Santos has already raised with the Commonwealth's state appellate courts the argument that Hernandez's in-court identification was unlawful under state law. See Commonwealth v. Santos, 96 Mass. App. Ct. 1114, 2019 WL 6977824, at *2 (2019), rev. denied, 484 Mass. 1105 (Apr. 17, 2020). It does not appear, however, that Santos raised any argument that Hernandez's in court identification of Santos violated federal law. The decision of the Appeals Court of Massachusetts addresses only whether Hernandez's in court identification was unlawful under Commonwealth v. Crayton, 470 Mass. 228, 241 (2014), which was decided under state law. In addition, the appellate briefs the Commonwealth filed with the Appeals Court and the Supreme Judicial Court do not contain any suggestion that Santos argued that Hernandez's in court identification of Santos violated federal law.[3] This Court is without jurisdiction to determine whether Hernandez's identification violated state

---

[3] These appellate briefs are available through Westlaw. See 2019 WL 6977824 (Appeals Court of Massachusetts; WL 6247947 (Supreme Judicial Court). Santos's appellate briefs are not available through Westlaw, but, given the absence of any argument by the Commonwealth that Hernandez's testimony did not violate federal law, it is safe to say that, on appeal, Santos likely did not make such an argument.

3

law. Moreover, he does not appear to have exhausted his state-court remedies as to any federal claim.

Accordingly, the respondent's motion to dismiss the petition (Dkt. No. 15) is ALLOWED. The clerk shall enter a final order of dismissal.

SO ORDERED.

PATTI B. SARIS
UNITED STATES DISTRICT JUDGE